UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 24- |
| v. | : | DATE FILED: February 7, 2024 |
| ISIAH KANGAR | : | VIOLATIONS:<br>18 U.S.C. § 371 (conspiracy to defraud the United States – 1 count)<br>18 U.S.C. § 1546(a) (fraud, misuse of visas, permits, and other documents – 1 count)<br>18 U.S.C. § 1425(a) (unlawful procurement of citizenship or naturalization – 1 count)<br>18 U.S.C. § 1028A (aggravated identity theft – 1 count) |

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT**:

At all times material to this Indictment:

#### Introduction

1. The U.S. Department of Homeland Security ("DHS") and the U.S. Department of State ("DOS") were the two primary federal agencies responsible for administering, protecting, and executing U.S. immigration policy.

2. U.S. Customs and Border Protection ("CBP"), an agency within DHS, was the nation's border security agency responsible for maintaining the integrity of the nation's boundaries and ports of entry.

3. U.S. Citizenship and Immigration Services ("USCIS"), another agency within

DHS, oversaw lawful immigration to the United States by evaluating a person's eligibility for citizenship, naturalization, immigration based on familial status, permanent residence status, visa extensions, and humanitarian aid.

4. DOS maintained embassies and consulates abroad that provided consular services to foreign nationals who sought to obtain visas to enter the United States as qualified visitors, workers, and immigrants. To assess the eligibility of foreign national applicants, DOS maintained application forms that required applicants to list their biographical information, other relevant historical data, and in some instances supporting documentation.

5. During 2009-2010, DOS required foreign nationals seeking to emigrate to the United States as unmarried children of lawful permanent residents pursuant to Title 8, United States Code, Section 1153(2), to submit an Application for Immigrant Visa and Alien Registration ("Form DS-230").

6. Additionally, the foreign national's sponsor, typically the petitioning parent, would submit USCIS Form I-864 ("Affidavit of Support") on behalf of the applicant. Form I-864 required the petitioner/sponsor to provide biographical information and proof the petitioner/sponsor could financially support the applicant if the applicant were to become indigent in the United States.

7. Once DOS received Form DS-230, Form I-864, and supplemental documentation, DOS would schedule a time for the foreign national applicant to appear at their closest U.S. embassy or consulate where a consular affairs officer would interview the applicant, confirm the information provided in the application, and adjudicate the claim.

8. If a DOS official determined a foreign national qualified based on their application package, the DOS official would authorize a visa on behalf of the foreign national

("F24 visa").

9. After being approved for an immigrant visa by DOS, a foreign national seeking to enter the United States was required to travel to a U.S. port of entry and present his or her paperwork. A CBP immigration inspector then authorized or denied his or her admission into the United States. Upon admission to the United States, the applicant was provided with a Permanent Resident Card ("green card") allowing them to work and live in the United States.

10. To execute its duties, USCIS maintained application forms for assessing eligibility and in some cases, conducted in-person interviews of candidates to verify the information provided in their applications. Lawful permanent residents were directed to use USCIS's Application to Replace Permanent Resident Card ("Form I-90") to replace or renew green cards.

11. Green card holders applying to become naturalized U.S. citizens were required to use USCIS's Application for Naturalization ("Form N-400"). After a Form N-400 was submitted, a USCIS adjudicator interviewed the applicant, confirmed the information in his or her form, and adjudicated the claim.

12. On or about September 5, 2006, defendant ISIAH KANGAR submitted an application to the Government of South Africa requesting immigration status. In his application, defendant KANGAR indicated that (a) he was born on May 13, 1973; (b) he was married; (c) he had three children; and (d) he had served as a member of Charles Taylor's government security forces in Liberia.[1]

---

[1] Charles Taylor was the former president of Liberia. Taylor's government was a kleptocracy buttressed by state-sponsored violence. Taylor's Anti-Terrorist Unit and the Special Operations Division of the Liberian National Police were notorious for visiting atrocities upon Liberian citizens who opposed Taylor.

3

13. In or about November 2007, South Africa denied defendant ISIAH KANGAR's application and he was instructed to leave South Africa within 30 days.

### The Conspiracy and its Objects

14. From on or about June 1, 2009 to in or about February 2024, in the Eastern District of Pennsylvania, and elsewhere, defendant

**ISIAH KANGAR**

knowingly and willfully conspired and agreed with persons both known and unknown to the grand jury, to defraud the United States by interfering with and obstruction a lawful government function, that is, the enforcement of the immigration laws of the United States by deceit, craft, trickery, and dishonest means, in violation of Title 18, United States Code, Section 371.

### Manner and Means of the Conspiracy

15. It was a part of the conspiracy that defendant ISIAH KANGAR, through deceit, craft, trickery, and dishonest means, defrauded the United States by interfering with and obstructing the lawful governmental functions of DOS and DHS, in that defendant KANGAR assumed his brother's identity and used his brother's identity to seek and receive immigration benefits.

### Overt Acts

In furtherance of the conspiracy, defendant ISIAH KANGAR and his co-conspirators committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. On or about August 11, 2009, defendant ISIAH KANGAR signed Form DS-230 in the name of his brother, P.K.

2. On or about June 18, 2009, at the behest of ISIAH KANGAR's mother,

4

F.J., Liberian national and naturalized U.S. citizen, A.B., signed Form I-864 as the substitute sponsor for "P.K."

3. On or about October 5, 2009, F.J., , a Liberian national and U.S. permanent resident, signed Form I-864 as the petitioner for "P.K."

4. On or about October 23, 2009, DOS received "P.K.'s" application, which included: defendant ISIAH KANGAR's Form DS-230; A.B.'s and F.J.'s Form I-864s; and documentation in support of the DS-230, including P.K.'s Liberian National Police Record (dated August 10, 2009) and P.K.'s birth certificate.

5. On or about January 28, 2010, defendant ISIAH KANGAR appeared at the U.S. Embassy in Monrovia, Liberia posing as his brother, P.K., and met with a U.S. consular officer to attest to the information in his application.

6. On or about February 23, 2010, F.J., the mother of defendant ISIAH KANGAR, submitted to a DNA test in Hyattsville, Maryland.

7. On or about March 22, 2010, defendant ISIAH KANGAR submitted to a DNA test at the U.S. Embassy in Monrovia, Liberia.

8. On or about May 28, 2010, DOS issued defendant ISIAH KANGAR an F24visa in the name of P.K.

9. On or about September 29, 2010, defendant ISIAH KANGAR, using a Liberian passport in the name of P.K., presented himself at a U.S. port of entry in New York, New York and gained admission as a lawful permanent resident from a CBP immigration inspector.

10. On or about October 31, 2012, defendant ISIAH KANGAR returned to the United States at Dulles International Airport from Johannesburg, South Africa and presented to a CBP official a green card (061-128-998) and Liberian passport (A001513), both in the name of

P.K.

11. On or about July 14, 2017, defendant ISIAH KANGAR submitted a handwritten Form N-400 to USCIS in the name of his brother, P.K.

12. On or about June 2, 2020, defendant ISIAH KANGAR electronically submitted a Form I-90 to USCIS in the name of his brother, P.K., resulting in USCIS renewing "P.K.'s" green card (061-128-998) and issuing a new green card, expiring on November 18, 2030, which was mailed to defendant KANGAR's residence in the Eastern District of Pennsylvania.

13. On or about October 10, 2021, defendant ISIAH KANGAR returned to the United States at Newark Liberty International Airport from Johannesburg, South Africa and presented a green card (061-128-998) and Liberian passport (PP0137426), both in the name of P.K. to a CBP official.

14. On or about September 8, 2022, defendant ISIAH KANGAR appeared in Philadelphia, Pennsylvania for his naturalization interview with a USCIS officer. During this interview, defendant KANGAR presented green card (061-128-998), Pennsylvania Driver's License (32 235 163), and Liberian passport (PP0137426), all in the name of P.K., as proof of his identity. Also during this interview, under penalty of perjury, defendant KANGAR falsely claimed to be P.K., falsely adopted P.K.'s biographical data, and falsely denied using any other names.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 16 of Count One are incorporated here.

2. On or about September 8, 2022, in the Eastern District of Pennsylvania, defendant

**ISIAH KANGAR**

knowingly possessed and used a Permanent Resident Card, in the name P.K., which defendant KANGAR knew to be procured by means of a false claim and statement he made in a Form DS-230, Application for Immigrant Visa and Alien Registration, in that defendant KANGAR presented the Permanent Resident Card to a U.S. Citizenship and Immigration Services officer in Philadelphia, Pennsylvania.

In violation of Title 18, United States Code, Section 1546(a).

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

    1.    Paragraphs 1 through 16 of Count One are incorporated here.

    2.    On or about September 8, 2022, in the Eastern District of Pennsylvania, defendant

**ISIAH KANGAR**

knowingly attempted to procure, contrary to law, naturalization as a United States citizen for himself, by knowingly using his fraudulently obtained lawful permanent resident status to apply for and attempt to receive naturalization, and by making in connection with his application for naturalization knowingly false representations and statements on his Form N-400, Application for Naturalization, and in his naturalization interview, that is, defendant KANGAR claimed to be P.K., adopted P.K.'s biographical data, and denied using any other names, when in fact, as defendant KANGAR then knew, these representations and statements were false because he had previously assumed the false identity of his brother, P.K.

    In violation of Title 18, United States Code, Section 1425(a).

## COUNT FOUR

THE GRAND JURY FURTHER CHARGES THAT:

1. Paragraphs 1 through 16 of Count One are incorporated here.

2. From on or about June 1, 2020 to on or about September 8, 2022, in the Eastern District of Pennsylvania, defendant

## ISIAH KANGAR

knowingly and without lawful authority, possessed and used a means of identification of another person, that is, the name P.K., during and in relation to fraud, misuse of visas, permits, and other documents, and unlawful procurement of citizenship and naturalization, as charged in Counts Two and Three, respectively.

In violation of Title 18, United States Code Section 1028(A)(a)(1), (c)(6), and (c)(7).



GRAND JURY FOREPERSON

NICOLE M. ARGENTIERI
Acting Assistant Attorney General

By: _____
Chelsea Schinnour
Trial Attorney
U.S. Department of Justice
Human Rights and Special
Prosecutions Section

_____
**JACQUELINE C. ROMERO**
**United States Attorney**

9

No._____

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

**ISIAH KANGAR**

INDICTMENT

Counts
**18 U.S.C. § 371 (conspiracy to defraud the United States – 1 count)
18 U.S.C. § 1546(a) (fraud, misuse of visas, permits, and other documents – 1 count)
18 U.S.C. § 1425(a) (unlawful procurement of citizenship or naturalization – 1 count)
18 U.S.C. § 1028A (aggravated identity theft – 1 count)**

_____
Foreperson

Filed in open court this  7th  day,
Of  FEBRUARY  A.D. 20 24
_____
Foreperson

Bail, $_____